PROB 12C
(6/16)

Report Date: September 18, 2018

## United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2018

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Hugo Enrique Davadi | Case Number: 0980 2:11CR02041-RMP-1 |
| Address of Offender: | Washington 98942 |

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: November 17, 2011

Original Offense:  Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1)
Possession With Intent to Distribute Controlled Substance, 21 U.S.C. § 841(a)(1)

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 77 months<br>TSR - 48 months | Type of Supervision: Supervised Release | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: August 30, 2016 | |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: August 29, 2020 | |

### PETITIONING THE COURT

To issue a warrant and to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on August 16, 2018.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **Special Condition #16**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare. You shall contribute to the cost of treatment according to your ability to pay.  You shall allow full reciprocal disclosure between the supervising officer and treatment provider.<br><br>**Supporting Evidence**: Mr. Davadi is alleged to have failed to attend an intake appointment at Merit Resource Services (Merit) for aftercare drug and alcohol treatment on September 11, 2018.<br><br>On August 29, 2016, supervised release conditions were reviewed and signed by Mr. Davadi acknowledging his understanding of special condition number 16, which requires him to participate in substance abuse treatment.<br><br>On August 31, 2018, Mr. Davadi was discharged from Pioneer Human Services after participating in inpatient drug and alcohol treatment.  He was scheduled for an intake |

Prob12C
**Re: Davadi, Hugo Enrique**
**September 18, 2018**
**Page 2**

5      **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

        appointment at Merit for aftercare services on September 11, 2018. According to Merit staff, Mr. Davadi was a no call, no show for his scheduled appointment on September 11, 2018.

        **Supporting Evidence**: Mr. Davadi is alleged to have failed to report to the probation office as directed on September 13, and 17, 2018.

        On August 29, 2016, supervised release conditions were reviewed and signed by Mr. Davadi acknowledging his understanding of standard condition number 2, which requires him to report as directed.

        On September 12, 2018, a home visit was conducted at Mr. Davadi' listed address in Selah, Washington. Upon knocking on the door, there was no response. A card was left on the door directing Mr. Davadi to report to the probation office the following day, September 13, 2018, by 10 a.m. Mr. Davadi failed to report as directed the following day. On September 14, 2018, a second attempt was made to contact Mr. Davadi at his residence. Upon arrival to his residence, two subjects were encountered coming from the residence's backyard. One subject stated Mr. Davadi was not home but expected him to return in about an hour and a half. A business card was left with the subject directing Mr. Davadi to report to the probation office on Monday, September 17, 2018, by 10 a.m. The subject assured he would see Mr. Davadi and would give him the card with the reporting instructions. Mr. Davadi failed to report as directed on September 17, 2018.

6      **Standard Condition #1**: The defendant shall not leave the judicial district without the permission of the court or probation officer.

        **Supporting Evidence**: Mr. Davadi is alleged to have traveled outside the judicial district on or about September 17, 2018.

        On August 29, 2016, supervised release conditions were reviewed and signed by Mr. Davadi acknowledging his understanding of standard condition number 4, which prohibits him from leaving the Easter District of Washington without permission.

        On September 17, 2018, this officer spoke with Mr. Davadi's mother who reported that Mr. Davadi had traveled to Bonny Lake, Washington, to visit his son. Bonny Lake is outside the judicial district for the Eastern District of Washington and Mr. Davadi did not obtain permission to leave the district from the Court or probation office.

7      **Standard Condition #6**: The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

        **Supporting Evidence**: Mr. Davadi is alleged to have failed to report a change in residence as of September 17, 2018.

        On August 29, 2016, supervised release conditions were reviewed and signed by Mr. Davadi

acknowledging his understanding of standard condition number 6, which requires him to notify his probation officer of a change in residence.

On September 17, 2018, a Selah Police Department incident report was obtained regarding Mr. Davadi's reported address.

According to the Selah Police narrative report, on September 16, 2018, at approximately 0830 hours, Selah police officers were dispatched to the 404 Selah Avenue residence regarding a civil issue. The officers arrived and spoke with the landlord. The landlord explained he had given the tenant, Mr. Davadi, a civil eviction notice recently. The landlord explained he came today to clean up that house. He said he knocked on the door and window and received no response. The landlord explained he believes the resident had vacated the property and he made entry where he found a male and female sleeping in the living room. The landlord explained these two were not identified and he did not know who they were. He believed they may have been squatting on the residence and trespassing. The landlord stated the two subjects left prior to the officers arrival. The landlord then indicated he called Mr. Davadi and spoke with him on the phone. He stated Mr Davadi threatened to harm him if he called the police and said he would also harm the police if they got involved.

According to the police report, the house appeared to be vacated and the landlord explained he was planning to clean up the residence. The landlord said he contacted the female that was previously residing at the residence and she agreed to return to pick up some additional items that were left behind. The landlord then gave a backpack to officers that he said was left by the female that had just left prior to the officers arrival. Inside the backpack was what appeared to be suspected heroin, a scale with residue, and a Sig Sauer .380 pistol. The officers attempted to find the female and were unsuccessful in doing so. The heroin was destroyed and the pistol was placed into evidence for safekeeping. As of September 18, 2018, the defendant has failed to report a change of address. Further, Mr. Davadi's current whereabouts is unknown.

8    **Standard Condition #5**: The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Supporting Evidence**: Mr. Davadi is alleged to have been terminated from his job at Novolex as of September 18, 2018.

On August 29, 2016, supervised release conditions were reviewed and signed by Mr. Davadi acknowledging his understanding of standard condition number 5, which requires him to be employed unless excused by his probation officer.

On March 17, 2016, Mr. Davadi secured employment at Novolex as a general laborer. On September 18, 2018, this officer received a notice from Novolex Human Resources that Mr. Davadi had been terminated from his employment effective this date.

9    **Special Condition #21**: You will be monitored by Radio Frequency (RF) Monitoring for a period of 120 days, and you must follow the rules and regulations of the location monitoring program. You must pay the costs of the program. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or

Prob12C
**Re: Davadi, Hugo Enrique**
**September 18, 2018**
**Page 4**

mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer (Home Detention).

**Supporting Evidence**: Mr. Davadi is alleged to have failed to make payments toward his location monitoring bill since February 2, 2018.

On January 31, 2018, a waiver of hearing to modify conditions were reviewed and signed by Mr. Davadi acknowledging his understanding of special condition number 21, which requires him to pay the cost of the electronic monitoring program.

Mr. Davadi was placed on the electronic monitoring program on February 2, 2018. He completed this program on June 3, 2018. According to special condition number 21, Mr. Davadi is responsible for the cost of this program. On August 3, 2018, Mr. Davadi's girlfriend made an attempt to make a $50 payment toward his bill; however, her personal check was rejected. Mr. Davadi was advised of the rejected payment and agreed to resubmit his payment in the form of a money order. As of the date of this report, no payment has been submitted by Mr. Davadi and his current balance is $310.20.

The U.S. Probation Office respectfully recommends the Court to issue a warrant and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 18, 2018

s/Jose Zepeda

Jose Zepeda
U.S. Probation Officer

Prob12C
**Re: Davadi, Hugo Enrique**
**September 18, 2018**
**Page 5**

THE COURT ORDERS

- [ ]  No Action
- [X]  The Issuance of a Warrant
- [ ]  The Issuance of a Summons
- [X]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ]  Defendant to appear before the Judge assigned to the case.
- [X]  Defendant to appear before the Magistrate Judge.
- [ ]  Other

_____
Signature of Judicial Officer

9/18/2018
Date